**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ADAN ISAI GONZALEZ CABALLERO,

Petitioner,

v.

DHS OPLA,

Respondent.

Case No. 5:26-cv-05813-AJR

**MEMORANDUM DECISION AND ORDER DISMISSING PETITION AS MOOT**

## I.

## INTRODUCTION & PROCEDURAL HISTORY

On October 1, 2026, Petitioner Adan Isai Gonzalez Caballero (A# 220-846-080) ("Petitioner"), an immigration detainee proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, challenging his detention in immigration custody. (Dkt. 1.) The Petition is very sparse. Ground One alleges that Petitioner is the father of a U.S. citizen baby that is only eight months old and who was born in Orange County. (Id. at 6.) Ground Two alleges that Petitioner is afraid to go back to his country because someone wants to harm him. (Id.) Petitioner further alleges that he had to close his business because of extortion. (Id.)

In Ground Three, Petitioner alleges that he is being held in a detention facility with no release date in sight which violates his rights under the Fifth Amendment. (Id.) Petitioner seeks immediate release from custody so that he can support his wife and new baby boy. (Id. at 7.)

On October 5, 2026, the Court issued an Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel. (Dkt. 6.) On October 8, 2026, Respondent DHS OPLA ("Respondent") filed an Answer to the Petition. (Dkt. 9.) Attached to the Answer as an exhibit is a copy of an Order of the Immigration Judge at which Petitioner sought review of the Reasonable Fear Determination by the Department of Homeland Security ("DHS"). (Dkt. 9-1 at 7.) Specifically, the Immigration Court reviewed DHS's determination that Petitioner had not established a reasonable possibility that he would be persecuted on the basis of a protected ground, or a reasonable possibility that he would be tortured in the country of removal. (Id.) The Immigration Court agreed with the determination by DHS because Petitioner's fears from criminal organizations were not based upon any protected ground. (Id.)

On October 8, 2026, Respondent filed a Notice of Intended Removal advising Petitioner and the Court that Respondent intended to remove Petitioner to Mexico pursuant to his final order of removal on or after October 13, 2026. (Dkt. 10.) On October 9, 2026, the Office of the Federal Public Defender filed a Notice of No Intent to Appear. (Dkt. 13.) Also on October 9, 2026, Respondent filed a Supplemental Notice of Intended Removal advising Petitioner and the Court that Respondent intended to remove Petitioner to Mexico pursuant to his final order of removal on or after October 15, 2026. (Dkt. 14.)

On October 9, 2026, the Court issued an Order Regarding Respondent's Notice of Intended Removal. (Dkt. 16.) In the Order, the Court advised that it had reviewed the Petition, the Answer, and all the other filings in the case and saw no basis to grant relief at that time. (Id. at 2.) Specifically, Ground One of the Petition

does not state a claim for relief. (Id.) Ground Two of the Petition alleging fear of removal is rebutted by the Order of the Immigration Court at which the Immigration Judge reviewed and agreed with DHS's determination that Petitioner had not established a reasonable possibility that he would be persecuted on the basis of a protected ground, or a reasonable possibility that he would be tortured in the country of removal. (Id.; Dkt. 9-1 at 7.) Finally, Ground Three of the Petition is rendered mood by Petitioner's removal to Mexico. (Dkt. 16 at 2.) Accordingly, the Court declined to issue any emergency injunctive relief and instead directed Respondent to file a status update no later than October 23, 2026, advising as to whether Petitioner had been removed. (Id.)

On October 23, 2026, Respondent filed a Status Report advising that Petitioner had been removed to Mexico on October 22, 2026. (Dkt. 17.) The Status Report further contends that the Petition should be dismissed as moot. (Id. at 2.) **For the reasons set forth below, the Court DISMISSES this action WITHOUT PREJUDICE as moot.**

## II.
## LEGAL STANDARD

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." U.S. Const. art. III, § 2. The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with,

an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). "Mootness is a question of law, and federal courts must consider mootness *sua sponte*." Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted). If a case is moot, the court lacks subject matter jurisdiction and must dismiss the action. See Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) ("Mootness is jurisdictional.").

In the habeas context, a petition brought under 28 U.S.C. § 2241 must present a live controversy throughout the litigation. See Spencer, 523 U.S. at 7; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). Where a petitioner challenges only the legality or duration of detention, the petition becomes moot once the petitioner is released from custody or removed, unless the petitioner demonstrates continuing "collateral consequences" that are likely to be redressed by a favorable judicial decision. See Spencer, 523 U.S. at 7 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now–ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Zegarra–Gomez v. I.N.S., 314 F.3d 1124, 1127 (9th Cir. 2003) ("We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal."); Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007).

## III.
## DISCUSSION

The instant Petition sought to challenge Petitioner's detention in immigration custody. (Dkt. 1 at 6.) The only form of relief sought by Petitioner was released from custody. (Id. at 7.) However, Petitioner was removed to Mexico on October 22, 2026. (Dkt. 17 at 2.) As a result, Petitioner is no longer in immigration custody

and Respondent has no ability to provide any further relief. Accordingly, the Court concludes that there is no longer a live case or controversy, and the Court has no ability to provide any further relief. See Abdala, 488 F.3d at 1065 (holding that, upon petitioner's deportation, there was "no extant controversy for the district court to act upon" because the petition challenged only the length of detention and alleged no redressable collateral consequences); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin–Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

Moreover, there is no basis in the current record to suggest that any exception to the mootness doctrine applies. Petitioner has not alleged, and the record does not suggest, that Petitioner's removal gives rise to any collateral consequences that are redressable by a favorable decision on the Petition. See Spencer, 523 U.S. at 14. Accordingly, because Petitioner is no longer detained and has been removed to Mexico, there is no live case or controversy, and the Court cannot grant any further relief. The Petition is therefore moot and this Court lacks jurisdiction to consider it.

## IV.
## CONCLUSION

Based on the foregoing, this action is DISMISSED WITHOUT PREJUDICE as moot. IT IS SO ORDERED.

DATED: October 27, 2026

Joel Richlin

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE